# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Criminal Case No. 23-cr-00230-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MATTHEW ROSE,

    Defendant.

## ORDER

This matter comes before the Court on Defendant Matthew Rose's ("Mr. Rose") Motion for Appointment of Federal Defender or Court Appointed Counsel ("Motion to Appoint Counsel") [Doc. 64, filed September 8, 2025].[1] For the following reasons, the Motion to Appoint Counsel is respectfully **DENIED**.

## BACKGROUND

On April 24, 2024, an Information was filed charging Mr. Rose with two counts of accessing a computer to defraud and obtain value in violation of 18 U.S.C. §§ 1030(a)(4), (c)(3)(A). [Doc. 28].[2] That same day, Mr. Rose pleaded guilty to the charges against him. [Doc. 31]. On August 28, 2024, the Court sentenced Mr. Rose to 70 months' imprisonment, to be followed by three years of supervised release. [Doc. 51 at 2; Doc.

---

[1] Mr. Rose proceeds pro se. Accordingly, the Court must construe the papers filed by Mr. Rose liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot and will not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

[2] Mr. Rose was originally charged via Indictment. *See* [Doc. 1].

52]. On August 18, 2025, Mr. Rose filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("§ 3582 Motion"). [Doc. 58].[3] The Government responded on September 15, 2025. [Doc. 67]. In the § 3582 Motion, Mr. Rose indicates that he is suffering from a medical condition that requires long-term or specialized care, [Doc. 58 at 5], and he provides a breadth of documentation regarding his condition and status, [Doc. 58-1; Doc. 65 at 9–107].

## ANALYSIS

A defendant has no constitutional right to counsel in pursuing a motion under 18 U.S.C. § 3582, although the Court may appoint counsel in its discretion. *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008) (collecting cases in which courts held that there is no constitutional right to appointed counsel for a motion under § 3582); *see also Engberg v. Wyoming*, 265 F.3d 1109, 1121–22 (10th Cir. 2001). The determination of whether to appoint counsel in a civil matter is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In evaluating a request for counsel from an indigent pro se litigant who is incarcerated, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). "The burden is on the [movant] to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Id.* (quotation omitted). "Only in those extreme cases where the lack of

---

[3] On September 9, 2025, Mr. Rose filed a Motion in Support of Motion for Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A) ("Second § 3582 Motion"). [Doc. 65]. The Court construed the Second § 3582 Motion as a supplement to the § 3582 Motion and ordered the Government to include any response to the Second § 3582 Motion in its response. [Doc. 66].

counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quotation omitted).

Upon review of Defendant's § 3582 Motion, the Court is currently unpersuaded that the nature and complexity of the Motion supports appointment of counsel. Mr. Rose filed and supplemented the § 3582 Motion without the assistance of counsel. [Doc. 58; Doc. 65]. The Government has responded, [Doc. 67], and the § 3582 Motion will be fully briefed by September 29, 2025, *see* [Doc. 59]. Once the record is closed, Mr. Rose will not need to undertake any further investigation regarding the facts or claims of his case and thus would not need counsel on that basis. *Hill*, 393 F.3d at 1115.

With respect to Mr. Rose's inability to obtain an attorney by other means, Mr. Rose states that he is "unemployed and indigent" and "cannot afford counsel to represent him at this time." [Doc. 64 at 1 (emphasis omitted)]. While the Court understands and acknowledges the inherent difficulties in litigating a case while incarcerated, those difficulties, standing alone, are—unfortunately—neither unique nor exceptional to merit appointment of counsel.

Finally, the Court respectfully concludes that Mr. Rose has not demonstrated exceptional circumstances warranting the appointment of counsel based on his medical condition. *Hill*, 393 F.3d at 1115; *see also Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness" (quotation omitted)). Mr. Rose's Motion to Appoint Counsel does not explain how his condition has impacted his ability to litigate this case without counsel, let alone that the lack of counsel will result in fundamental unfairness. *See* [Doc. 64].

For all of these reasons, the Motion to Appoint Counsel is respectfully **DENIED without prejudice**.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Mr. Rose's Motion for Appointment of Federal Defender or Court Appointed Counsel [Doc. 64] is **DENIED without prejudice**; and

(2) A copy of this Order shall be sent to:

> Matthew Rose
> #10427-506
> Phoenix FCI Federal Correctional Institution
> 37910 N 45th Ave
> Phoenix, AZ 85086

DATED: September 23, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge